# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JOHN BYRNES, M.D.,**

    **Plaintiff,**

**vs.**                                                   **Civ. No. 99-707 JP\LCS**

**SAINT FRANCIS HOSPITAL, INC.,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before me *sua sponte*. Having reviewed the pleadings filed in this case and the applicable law, I conclude that I lack subject matter jurisdiction and must remand this case to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

### Background

On April 14, 1999, Plaintiff John Byrnes, M.D. filed suit against Defendant Saint Francis Hospital, Inc. in the Second Judicial District Court, County of Bernalillo, State of New Mexico asserting claims of breach of contract and misrepresentation arising from a contract of employment between the parties. Plaintiff requested "damages in an amount to be proven at trial, including but not limited to the value of the severance agreement, prejudgment interest and costs," (Compl. at ¶ 21), and "the value of lost compensation and severance, the transaction costs associated with purchasing and selling a home," (Compl. at ¶ 28). Nowhere in the complaint does Plaintiff quantify his request for damages.

On June 24, 1999, Defendant filed a Notice of Removal of Civil Action under 28 U.S.C. §

1441(a) alleging diversity jurisdiction under 28 U.S.C. § 1332. In particular, Defendant alleges that:

> 4. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

(Notice of Removal at ¶ 4.) The Notice of Removal also states that "[c]omplete diversity of citizenship exists and this Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) & (c)." (Notice of Removal at ¶ 3.)

## Legal Standard

Federal court jurisdiction is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal was properly accomplished. *Id*.

"'A court lacking jurisdiction ... must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.'" *Laughlin*, 50 F.3d at 873 (citations omitted).

In *Laughlin*, the Court of Appeals for the Tenth Circuit found:

> Neither Laughlin's [complaint] nor Kmart's notice of removal establishes the requisite jurisdictional amount in this case. The [complaint] merely alleges that the amount in controversy is in excess of $10,000 for each of two claims. . . . The notice of removal does not refer to an amount in controversy, although the petition is attached as an exhibit to the notice.
>
> . . . Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the [complaint] or the removal notice.

*Laughlin*, 50 F.3d at 873.

## Discussion

Here, Plaintiff's complaint does not quantify the amount of damages sought. It merely states that Plaintiff has sustained damages in an amount to be proven at trial, including the value of the severance agreement, the value of lost compensation and severance, and the transaction costs associated with purchasing and selling a home. (Compl. at ¶¶ 21, 28.) The complaint does not state the value of Plaintiff's lost compensation and severance, the value of the severance agreement, or the amount of the transaction costs Plaintiff incurred in selling and buying his homes.

Nor does Defendant's Notice of Removal affirmatively establish the requisite amount in controversy. "If it is *unclear* what amount of damages the plaintiff has sought, as is true here with regard to [plaintiff's] claim . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566-67 (emphasis in original). Here, Defendant's Notice of Removal merely asserts that "[t]he amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." (Compl. at ¶ 4.) Because Defendant's Notice of Removal fails to set forth the "'underlying *facts* supporting

3

[the] assertion that the amount in controversy exceeds'" $75,000.00, *Laughlin*, 50 F.3d at 873 (quoting *Gaus,* 980 F.2d at 567) (emphasis added), I lack subject matter jurisdiction over this action.

Since this action was removed, 28 U.S.C. § 1447(c) governs its disposition in this court. That section provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, remand is appropriate in this instance.

_____
UNITED STATES DISTRICT COURT JUDGE